IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH A. ELLSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CV-524-JHP-PJC |
| ) | |
| RON WALLACE; DON HOLLOWAY; ) | |
| UNITED STATES OF AMERICA; ) | |
| FEDERAL PUBLIC DEFENDER'S OFFICE; ) | |
| TULSA PUBLIC DEFENDER'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff, a prisoner appearing *pro se*, filed a civil petition on July 27, 2005, in the District Court of Tulsa County, Case No. CJ-2005-4410, naming as defendants Ron Wallace, Don Holloway, and Cindy Cunningham. In his petition, Plaintiff alleged that Defendant Wallace, an attorney at the Tulsa County Public Defender's Office, and Defendant Cunningham, an attorney at the Federal Public Defender's Office, committed malpractice and provided ineffective assistance of counsel during their representation of him in criminal proceedings in Tulsa County District Court and this Federal District Court. Plaintiff also alleged that Defendant Holloway, a Tulsa Police Officer, manufactured evidence in his criminal case, Case No. CF-99-3351.[1] See Dkt. # 8, Ex. A. Plaintiff identified his requested relief as two million dollars in damages. See id. A return of service indicates Defendant Cunningham was served on August 8, 2005. The United States Attorney for the Northern District of Oklahoma received notice of the lawsuit on August 25, 2005.

---

[1] The correct case number is CF-1999-3354. See www.oscn.net.

On September 8, 2005, the United States filed a Notice of Removal (Dkt. # 2) and entered a Special Appearance (Dkt. # 4) on behalf of Defendant Cunningham. In addition, a Notice of Substitution (Dkt. # 7) effected the substitution of the United States in place of Cindy Cunningham as the party defendant by operation of law.[2] In the notice of removal, Defendant states that Plaintiff's claims constitute civil rights claims, which fall within 42 U.S.C. § 1983. On September 9, 2005, Defendant United States filed a Supplement (Dkt. # 8) to the Notice of Removal, providing additional documents from the state court action. On September 29, 2005, Plaintiff filed his response (Dkt. # 12) to the notice of removal, acknowledging that his claims involve civil rights violations and requesting this Court to "sustain this lawsuit." Plaintiff also argues that Defendants "have no immunity" in this matter. See Dkt. # 12. Prior to removal, Defendants Wallace and Holloway filed motions to dismiss (Dkt. #s 9 and 10). After removal, Defendant United States filed a motion to dismiss alleging insufficiency of service (Dkt. # 15).

On October 13, 2005, Plaintiff filed an amended complaint (Dkt. # 17), adding defendants Federal Public Defender's Office and Tulsa County Public Defender's Office. He alleges Defendants "have violated his civil rights and additional tort claims on State and Federal concurrent jurisdiction." (Dkt. # 17). Plaintiff does not identify any amendment to the relief sought. Plaintiff also filed a response (Dkt. # 18) to the United States' motion to dismiss. Defendant Wallace has filed a motion to dismiss the amended complaint (Dkt. # 19).

After reviewing the petition and the amended complaint filed by Plaintiff, the Court finds Plaintiff alleges violation of his civil rights and that pursuant to 28 U.S.C. § 1331, the Court has

---

[2] The United States Attorney for the Northern District of Oklahoma has certified that Defendant Cunningham was "at all times relevant to the allegations of the petition an employee of the Federal Public Defender's Office for the Northern District of Oklahoma, an agency of the United States." See Dkt. # 2 at 2.

jurisdiction to hear this matter. Removal shall be permitted. However, for the reasons discussed below, the Court finds the petition, as amended, shall be dismissed.

## *BACKGROUND*

The Court takes judicial notice of the docket sheet maintained for Tulsa County District Court, Case No. CF-99-3354.[3] That record indicates that on August 29, 2000, Plaintiff entered pleas of guilty to Count 1, Attempt to Distribute or Exhibit Obscene Material; Count 2, Attempting Lewd Proposals to a Child; and Count 3, Attempted Lewd Molestation. Plaintiff was represented by Assistant Public Defender Ron Wallace. Plaintiff did not file a motion to withdraw his plea within ten (10) days of the state court's pronouncement of judgment and sentence. However, on August 1, 2001, Plaintiff filed an application for post-conviction relief requesting an appeal out of time. The state district court denied Plaintiff's application on September 12, 2001. Plaintiff appealed and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial on February 15, 2002, in Case No. PC-2001-1248. On July 12, 2005, Plaintiff filed a second application for post-conviction relief in Case No. CF-1999-3354. That application remains pending at this time. Plaintiff initiated the instant civil proceeding in Tulsa County District Court on July 11, 2005.

Plaintiff also filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court, Case No. 02-CV-229-SEH, challenging his state convictions. By Order filed March 20, 2003, the Court dismissed the petition with prejudice after determining that it was not filed within the one-year statute of limitations provided by 28 U.S.C. § 2244(d). Plaintiff did not appeal that ruling.

In addition, this Court's records reflect that in Case No. 99-CR-095-HDC, Plaintiff was convicted on his plea of guilty of Interstate Travel With Intent to Engage in Sexual Activity With

---

[3]Information obtained from www.oscn.net.

a Minor. Judgment was entered on September 11, 2000. During that proceeding, Plaintiff was represented by Assistant Public Defender Cindy Cunningham. On July 30, 2001, Plaintiff filed a 28 U.S.C. § 2255 motion to vacate sentence. That motion was denied by Order entered May 3, 2002. Plaintiff appealed to the Tenth Circuit Court of Appeals. On January 27, 2003, that Court denied a certificate of appealability and dismissed the appeal.

## *ANALYSIS*

A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988) (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. See Fed. R. Civ. P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (setting forth standards for evaluating the sufficiency of a claim); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. A court may *sua sponte* dismiss a complaint under Fed. R. Civ. P. 12(b)(6) when it is patently obvious that the plaintiff cannot prevail on the facts alleged, and allowing an opportunity to amend would be futile. See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir.1997); Hall, 935 F.2d at 1109-10.

After liberally construing Plaintiff's pro se pleadings, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's allegations brought

4

pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted and that it would be futile to allow an opportunity to amend.

**1. Claims against Defendant Wallace and the Tulsa County Public Defender's Office**

Plaintiff alleges that the attorney representing him in state criminal proceedings, Defendant Wallace, employed by the Tulsa County Public Defender's Office, violated his civil rights and that pursuant to 42 U.S.C. § 1983, Defendant is liable for those violations. Plaintiff complains that Defendant Wallace provided ineffective assistance of counsel and conspired with law enforcement officials during his criminal proceedings in Tulsa County District Court, Case No. CF-99-3354. (Dkt. #s 8, Ex. A; and 17).

The relevant civil rights statute provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); and Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995).

Public defenders, like Defendant Wallace, are not state actors within the meaning of 42 U.S.C. § 1983. According to the Tenth Circuit,

> Public Defenders, whether court appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding, are not deemed to act under color of state law; such attorneys represent their client only, not the state, and are not subject to suit in a 42 U.S.C. § 1983 action.

5

Lowe v. Joyce, No. 95-1248, 1995 WL 495208, at *1 (10th Cir. Aug. 21, 1995) (citing Harris v. Champion, 51 F.3d 901, 910 (10th Cir. 1995)); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

The public defenders in Harris had allegedly asked for numerous and unreasonable extensions of time to file appellate briefs on plaintiff's behalf, without considering whether the client desired the extension or whether the extension was in the client's best interest. The Tenth Circuit held that even if the public defenders' conduct was so egregious that it ultimately deprived their clients of constitutional rights, the actions were still "traditional lawyer functions." The Court went on to hold that,

> even if counsel performs what would otherwise be a traditional lawyer function, such as filing an appellate brief on his or her client's behalf, so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law.

Harris, 51 F.3d at 910. In Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983), the United States Supreme Court held that "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Id.

The Court finds that the actions complained of in this case were actions taken by Defendant Wallace in his traditional role as a defense lawyer for Plaintiff. Defendant's actions were taken on behalf of Plaintiff, not on behalf of the state of Oklahoma. Consequently, Defendant's conduct was not state action for purposes of 42 U.S.C. § 1983. Plaintiff cannot, therefore, maintain an action against either Defendant Wallace or the Tulsa County Public Defender's Office under § 1983.

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's civil rights claims against Defendant Wallace and the Tulsa County Public Defender's Office shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 2. Claims against the United States and its agency/agents

Plaintiff also alleges that his federal public defender, Cindy Cunningham, provided ineffective assistance of counsel and conspired to with law enforcement officials during his criminal proceedings. In his amended complaint, Plaintiff has also named the Federal Public Defender's Office as a defendant. The Court liberally construes the petition and the amended petition, see Haines v. Kerner, 404 U.S. 519 (1972), as an action against the United States arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

As stated in the Notice of Substitution, filed by the United States Attorney for the Northern District of Oklahoma, Plaintiff's claims against a federal agency and one of its employees are claims filed against the United States government, rather than against the individual or the agency involved. Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). Substitution of the United States as party defendant is therefore appropriate. Under certain circumstances, the United States may be sued in a tort action as provided by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"). However, the United States, its agencies and employees are generally shielded from tort liability pursuant to the doctrine of sovereign immunity, and can only be sued insofar as that immunity has been expressly waived by Congress. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Weaver v. United States, 98 F.3d 518, 520 (10th Cir.1996) (suit against the United States barred by sovereign immunity); Chapoose v. Hodel, 831

7

F.2d 931, 935 (10th Cir.1987)(same). As a result, Plaintiff's civil rights claims against the United States shall be dismissed with prejudice.

### 3. Remaining constitutional claims barred by Heck

As to any remaining constitutional claim asserted by Plaintiff, the Court finds the claims for damages must be dismissed pursuant to the holding in Heck v. Humphrey, 512 U.S. 477, 487-87 (1994). In Heck, the United States Supreme Court held that in order to recover damages under § 1983 for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Unless the § 1983 plaintiff can demonstrate reversal of the allegedly invalid conviction, no cognizable § 1983 claim exists. Id. at 483; see also Parris v. United States, 45 F.3d 383 (10th Cir. 1995) (applying principles of Heck to preclude an action brought under FTCA).

Plaintiff alleges that his guilty pleas were coerced as a result of actions or inactions of the Defendants with regard to his State sentences entered in Tulsa County District Court and his federal sentence entered in this Court. He seeks two million dollars in damages. Plaintiff's claims necessarily imply the invalidity of his convictions. Therefore, Plaintiff's assertions constitute a direct challenge to the validity of his imprisonment. Plaintiff does not indicate and the record cited above does not reflect that either his Tulsa County sentence or his federal sentence has been invalidated, in any state or federal proceeding. Because Plaintiff's sentences have not been set aside or otherwise invalidated, his claims for money damages are not cognizable under § 1983 based on Heck. Plaintiff's § 1983 claims against any non-immune defendant acting under color of state law

shall be dismissed without prejudice to refiling should his convictions be set aside.

**4. Plaintiff's claims for relief for alleged state law violations**

Finally, to the extent Plaintiff seeks consideration of any of his claims arising under state law, the claims shall be dismissed. The Court's analysis above effectively disposes of all of Plaintiff's claims arising under federal law. As a result, the bases for federal subject matter jurisdiction have been extinguished. Therefore, the Court declines to exercise continuing "pendent" or supplemental jurisdiction over Plaintiff's state claims and those claims are dismissed.  See 28 U.S.C. §§ 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966) ( "[I]f the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

## *CONCLUSION*

Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction to consider Plaintiff's civil rights claims. However, for the reasons stated herein, Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against Defendants Wallace, Tulsa County Public Defender's Office, United States, and Federal Public Defender's Office shall be dismissed with prejudice. Plaintiff's claims for damages against any remaining defendant shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint, as amended (Dkt. # 17), is **dismissed**.

2. Plaintiff's claims against Defendants Wallace, Tulsa County Public Defender's Office, the United States, and the Federal Public Defender's Office are **dismissed with prejudice**.

3. Plaintiff's claims against any remaining defendant are **dismissed without prejudice** pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

4.   This is a final Order terminating this action.

5.   All pending motions (Dkt. #s 9, 10, 13, 15, and 19) are **declared moot**.

SO ORDERED THIS 7th day of November 2005.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma